## RUMAN v SMITH

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12785.  Decided Mav 15, 1933

Beckerman & Felsman, Cleveland, for plaintiff in error.

Cull, Fuller & Laughlin, Cleveland, for defendant in error.

RICHARDS, WILLIAMS and LLOYD, JJ, (6th Dist) sitting.

**OPINION**

By WILLIAMS, J.

We find that the court committed reversible error in giving certain of plaintiff's requests to charge before argument, which we will discuss in order.

"2. I charge you that if the defendant landlord employed plumbers or other mechanics to do replacement or repair work in the basement of this apartment building, and said plumber or mechanics acting within the scope of this employment shut off the valves of this hot water heater, causing said hot water heater to be dangerous for use while such valves were shut off, such failure on the part of said plumbers or other mechanics in thus creating a situation dangerous to the tenants entitled to use said heater would be negligence and if such negligence proximately caused injury to the tenant, the landlord would be liable for such injury."

Whether or not the plumbers were independent contractors was at least a question of fact for determination by the jury and perhaps under the evidence they may have been independent contractors as a matter of law. **Northwestern Ohio Natural Gas Co. v First Congregational Church, 126 Oh St, 140, 161.** It is not necessary for this court at this time to determine that question, because it is not presented by the record. It is sufficient to say at this time that the charge as given in effect makes the defendant liable for injury caused by the plumbers if the jury finds that the defendant employed the plumbers and that they acted within the scope of the employment, disregarding the fact that the plumbers may have been employed under such circumstances that they would be independent contractors. Though by one interpretation of the verb "employ" it might be held to mean that the person employed was an agent, the charge as given would be misleading to the jury under the facts of this particular case and the giving of it prejudicial error.

"3. If you find that the defendant landlord in connection with control retained by him over the hot water equipment in the basement of this building, ordered certain repairs or changes in such equipment and that the shut-off valves in the pipes leading to or from this water heater were shut off by the mechanics employed by him and allowed to remain shut off either by the defendant or some one in his employ, while tenants, without notice of such fact, continued to use said laundry, any failure of the landlord to exercise reasonable care to ascertain and make known to his tenants the condition of said heater would constitute negligence, and if as a proximate result thereof a tenant was injured, defendant would be liable."

This charge is inaccurate in saying that any failure of the landlord to exercise reasonable care to ascertain and make known to his tenants the condition of the heater would constitute negligence. Obviously a failure to make known the condition of the heater to; other tenants than the plaintiff could under no circumstances be a basis for recovery. It also states that the defendant would be liable if a tenant was injured as a proximate result of the former's negligence without regard to whether the injured party was guilty of contributory negligence or not.

"4. I charge you that where a landlord rents separate suites in an apartment building to various tenants, but retains control of the basement and laundry of said apartment building, agreeing to provide same for use of tenants, and without notice to a tenant, creates or causes or permits to be created a condition of danger in the equipment of the basement and laundry room, such landlord is liable for an injury to the tenant proximately resulting from his own negligence."

This charge is not only vague as to .the agreement to which it refers but is in the abstract rather than in the concrete and is open to the further objection that it ignores the element of contributory negligence. An injured tenant might have knowledge of a condition which would bar recovery without having received any notice from the landlord.

"5. I charge you that if you should find that plaintiff's husband knew that the valves were shut off, but failed to inform plaintiff of such fact, and plaintiff was injured as the proximate result of her husband's failure to give her such information, and without negligence on plaintiff's part, such failure of plaintiff's husband to inform plaintiff would be negligence chargeable to the defendant landlord. Under the rule of law that the master is liable for the negligence of his employes, defendant Ruman would be liable to plaintiff under such circumstances, for the reason that plaintiff's husband in his capacity as janitor was guilty of negligence in failing to inform plaintiff that such valves were closed."

We think this charge is open to the objection that the mere fact that the husband knew the valves were shut off and failed to inform his wife thereof would not constitute negligence as a matter of law. The defendant was claiming that ˙ the

plaintiff herself lit the booster heater and that the heater was dead on the morning in question, as appears by the testimony of the husband himself on page 254 of the bill of exceptions. Obviously, if the valves were closed and the heater was not lit, it would not necessarily be negligence for the husband not to tell his wife, because the valves were made to be turned off when the heater was not lit and not needed.
.

"6. I charge you that if you should find that plaintiff lit the fire in the coal heater. but did so without knowledge that the valves were closed, such act of plaintiff in lighting the fire would not deprive her of a right to recover as against defendant, if you also find that defendant's failure to inform plaintiff or see that she was informed that said valves were closed, was the proximate cause of her injury."

This charge states the principle that if the plaintiff lit the fire without knowledge that the valves were closed she can still recover. This is a wrong principle. It would still remain for the jury to determine whether or not, in the exercise of ordinary care, the plaintiff should have known that the valves were closed and that it was dangerous to light the heater without opening them.

"7. I charge you that if you should find that plaintiff's husband lit the fire in the coal heater which exploded, and that such act on his part was within the scope of his duties as janitor, plaintiff would not thereby be deprived of a right to recover merely because the janitor was her husband. If plaintiff was without negligence proximately contributing to bring about her injury, and the defendant was negligent either by reason of his own acts or omissions, or the acts or omissions of his janitor, plaintiff's husband, defendant is liable providing such negligence on defendant's part was the proximate cause of plaintiff's injury.
"I charge you further that the burden of showing that plaintiff was guilty of contributory negligence rests upon defendant and must be proven by a preponderance of the evidence."

This charge ignores the principle that if the evidence adduced by the plaintiff raises a presumption of contributory negligence and that presumption is not removed by evidence of equal weight thereto, the plaintiff can not recover. The omission in the charge might have been supplied by a re-

quest by defendant, had he desired it, it is true, but the charge as requested is incomplete and we think the court could have well refused to give it without adding thereto the principle above indicated. We hesitate, however, to hold that the giving of it constituted reversible error, in view of the fact that the defendant made no request covering this phase of the case.

The court committed reversible error in giving requests Nos. 2 to 6 inclusive.

The jury returned a verdict in favor of the plaintiff for $35,000.00. The trial judge granted a remittitur of $7500.00 and entered judgment for $27,500.00. This court is of the opinion that the verdict and judgment are manifestly against the weight of the evidence as to the amount. For the reversible error indicated and for refusing to grant a new trial because the verdict is manifestly against the weight of the evidence in the respect stated, the judgment will be reversed and the cause remanded for a new trial.

Reversed and remanded.

RICHARDS and LLOYD, JJ, concur.